UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-227-TWP-DML-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KEAUD BIGSBY | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cr-00227-TWP-DML |
| | ) |
| KEAUD BIGSBY, | ) -01 |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant Keaud Bigsby's ("Bigsby") Motions for Sentence Reduction and for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Dkts. 46 and 54). For the reasons explained below, Bigsby's motions are **denied**.

## I. Background

In 2018, Bigsby pled guilty to two counts of interference of with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and one count of brandishing a weapon during a crime of violence, in violation of 18 U.S.C. § 942(c)(1)(A). Dkt. 37. The Court imposed a total sentence of 100 months of imprisonment, representing concurrent 16-month sentences of imprisonment for the robbery charges and a mandatory consecutive 84-month sentence for the weapon charge. *Id.* The Court also imposed three years of supervised release. *Id.*

Bigsby was 22 years old when he committed the crimes in this case. He is currently 27 years old. According to the Bureau of Prisons ("BOP"), Bigsby's anticipated release date (with good-conduct time included) is October 31, 2024. *See* https://www.bop.gov/inmateloc/ (last visited May 19, 2022).

On December 1, 2020, Bigsby filed a *pro se* motion for compassionate release, stating that he suffers from a "condition that eliminates large number of cell that fight off infection." (Dkt. 46 at 4). The Court appointed counsel to represent him, and appointed counsel filed an amended motion on his behalf. (Dkt. 54). Bigsby argues that the following factors combine to create extraordinary and compelling reasons warranting release: (1) he suffers from medical conditions (including HIV and schizophrenia) that increase his risk of experiencing severe symptoms if he contracts COVID-19; (2) he was very young when he committed the crimes in this case; (3) he had an extraordinarily difficult childhood; and (4) he has compiled a record of extraordinary rehabilitation. *Id.* The United States responded in opposition, dkts. 63, 66, arguing that Bigsby cannot show extraordinary and compelling reasons warranting release because he is fully vaccinated against COVID-19 and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release.

Bigsby filed a reply in which he argued that the COVID-19 pandemic is far from over and he remains at heightened risk while in BOP custody, and he emphasized that he does not impose a danger to the community if he were released. (Dkt. 67).

Accordingly, the motions for compassionate release are ripe for ruling.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the

statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Bigsby's first reason for requesting a sentence reduction—the risk he faces from the COVID-19 pandemic in light of his medical conditions—is not an extraordinary and compelling reason to warrant release, whether considered alone or in combination with any other factors. Bigsby is fully vaccinated, *see* dkt. 66-1, and he has presented no evidence that he is unable to receive or benefit from the vaccine.[1] "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v.*

---

[1] In the amended motion, Mr. Bigsby argues that his vaccination does not preclude a finding of extraordinary and compelling reasons warranting relief based on COVID-19 risk because "[i]t is impossible to predict how effective the vaccine will be in preventing [Mr. Bigsby] from experiencing severe illness or death from COVID-19," and "people may have a host of chronic health problems that could interfere with a vaccine's protection." Dkt. 54 at 13, 15. He also speculates that the COVID-19 vaccine may not work for him because he is HIV-positive, a condition that affects the immune system. *Id.* at 15 ("Therefore, it is entirely possible that the vaccine will not be effective for Mr. Bigsby, and one should not assume that he will be immune to COVID-19 simply because he was vaccinated."). Defendant bears the burden of showing that extraordinary and compelling reasons warrant relief, and such speculative statements fall short of meeting that burden. Finally, Defendant cites to an article about pre-COVID studies showing that being obese increases the likelihood of a poor vaccine-induced immune response. *Id.* at 15. Such studies fail to show that Mr. Bigsby cannot benefit from the COVID-19 vaccine.

*Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up).

Additionally, Bigsby "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). Accordingly, Bigsby has failed to carry his burden to show that the risk of COVID-19 presents an extraordinary and compelling reason for release.

Bigsby's second and third reasons for release—his young age at the time of his crimes and his incredibly difficult childhood—fare no better. The Court agrees that Bigsby was indeed young (22 years old) when he committed the crimes in this case. The Court acknowledged during his sentencing hearing and the again acknowledges that Bigsby had a traumatic childhood. However, neither of these facts are extraordinary—unfortunately, many defendants are young when they commit their crimes, and many had traumatic childhoods. The Court was aware of these facts at sentencing and relied on them in part to grant a downward variance from the low-end of the guidelines range for the armed robbery counts. *See* dkt. 52. These circumstances are not extraordinary and compelling reasons that now warrant a further reduction of Bigsby's sentence, whether considered alone or in combination with any other factors. *See United States v. Rimpson*, No. 20-3467, 2021 WL 6098440, at *1 (7th Cir. Sept. 22, 2021) ("The district judge knew their ages when it imposed the sentences initially, and so that fact provides no reason—let alone an extraordinary and compelling one—to reduce those sentences now.").

That leaves Bigsby with only one potential reason for release—his rehabilitation. The Court applauds Bigsby for his impressive efforts at rehabilitation. But rehabilitation alone is not an extraordinary and compelling reason for release. *See United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022) ("At the first stage of the analysis, the court rightly did not consider Whited's rehabilitation efforts or disciplinary record, which are not extraordinary and compelling reasons for release and are therefore more suitably addressed as part of the § 3553(a) analysis."); *see also* 28 U.S.C. § 994(t).

Given the determination that Bigsby has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Bigsby's motions for compassionate release, dkts. [46] and [54], are **denied**.

**IT IS SO ORDERED.**

Date: 5/27/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel